IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.   No. 25-CR-192-MLG

CHALMERS RAMSEY DEDIOS,

    Defendant.

### DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Chalmers Ramsey DeDios, by and through his counsel of record, Assistant Federal Public Defender Buck Glanz, respectfully files the following Sentencing Memorandum and requests that the Court accept the plea agreement and sentence him to a guideline sentence as calculated by the Presentence Report. [Doc. 20]. Such sentence would be "sufficient, but not greater than necessary" to achieve the statutory purposes for sentencing.

### PROCEDURAL BACKGROUND

On February 3, 2025, Mr. DeDios entered a guilty plea pursuant to a Rule 11(c)(1)(B) plea agreement. [Doc. 18]. The Presentence Investigation Report (PSR) was filed on April 2, 2025. [Doc. 20]. The PSR calculated a guideline range of 34 months to 45 months. [PSR ¶ 135]. The case is currently set for sentencing on July 31, 2025. Mr. DeDios asks this court, in consideration of the 18 U.S.C. § 3553(a) factors, to sentence him within the guideline range.

### ARGUMENT

A court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553. "It has been uniform and constant in the federal

judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koons v. United States,* 518 U.S. 81, 113 (1996). The established tradition of sentencing in federal courts is that "the punishment should fit the offender and not merely the crime." *Pepper v. United States,* 562 U.S. 476, 487-88 (2011) (internal citations omitted). A sentencing court should "engage in a holistic inquiry of the § 3553(a) factors." *United States v. Barnes,* 890 F.3d 910, 916 (10th Cir. 2018) (citations omitted). Mr. DeDios asks this court to sentence him within the guideline range based on the 18 U.S.C. § 3553(a) sentencing factors.

   A. <u>Nature and Circumstances of the Offense & Mr. DeDios' History and Characteristics</u>

Mr. DeDios has resided in New Mexico his entire life. [PSR ¶ 107]. He grew up in a two-parent household. *Id*. at ¶ 105. His father was an alcoholic and would abuse him on a "regular basis." *Id*. at ¶ 106. His father drank heavily and unsurprisingly, Mr. DeDios followed his example. Although he managed to "graduate" from high school at 21, he is somehow illiterate. *Id*. at ¶ 114.

Mr. DeDios is an alcoholic. Although he has never had the benefit of treatment, it is nearly certain that a clinical diagnosis would conclude he has a severe drinking problem. He began drinking at the age of 12. *Id*. at ¶ 111. And he would consume a "couple bottles of hard liquor" every day. *Id*. It is somewhat astonishing that he is alive with that level of consumption. His criminal history is minor but rife with petty charges related to intoxication. *Id*. at ¶¶ 51-93. He was heavily intoxicated when he abused Jane Doe. *Id*. at ¶ 17. His entire adult life has been shaped by his drinking. It is an understatement to say that if he doesn't address his drinking problem, he likely won't be on this Earth much longer.

B. <u>A Guideline Sentence Accomplishes the Goals of Sentencing</u>

The task before the Court at sentencing is to impose a sentence that is sufficient but not greater than necessary to accomplish the goals of punishment. A sentence is sufficient, but not greater than necessary, if it (a) reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; (b) affords adequate deterrence to criminal conduct; (c) protects the public from further crimes of the defendant, and (d) provides the defendant with needed education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(2).

1. *A guideline sentence reflects the seriousness of the offense, promotes respect for the law, and will adequately deter criminal conduct.*

The sentence in this case will be the first term of prison Mr. DeDios has ever served. Prison is a shocking experience. An inmate's movements are controlled and regulated 24 hours a day. For someone who has never experienced incarceration, it is impossible to cognitively grasp the feeling of being unable to do simple things like going outside whenever you want. These are things most of us take for granted. A prisoner has these basic choices taken away. Deprived of his freedom, a guideline sentence will have a strong deterrent effect on Mr. DeDios. A guideline term of incarceration is a lengthy sentence, and it reflects the seriousness of the offense. It will also provide general deterrence to the community as it will show the government is willing to seek prison sentences for Native Americans engaging in domestic violence while non-native defendants would generally face probation for the same conduct in New Mexico state court.

2. *A guideline sentence will provide just punishment for the offense and adequately protect the public.*

The concept of just punishment is another name for the theory of retribution. "The § 3553(a)(2)(A) consideration is the 'just deserts' concept, which carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010). Retributive justice asks what is the criminal harm cause by the defendant's criminal actions. The punishment is then crafted to be commensurate with that harm. In this case, a guideline sentence is commensurate with the criminal harm in this case. A guideline sentence by its very nature doesn't create unwarranted disparities because it is the sentence recommended for the offense. For these reasons, it is a just punishment and will protect the public from Mr. DeDios.

3. *A guideline sentence followed by a term of supervised release will provide Mr. DeDios with educational and vocational training and will best facilitate his rehabilitation.*

As argued above, Mr. DeDios has struggled with alcoholism nearly his entire life. In the Bureau of Prisons, he will have access to various programs to further his rehabilitation and education and ideally allow him to reenter society sober. After his incarceration, a period of supervised release is the most appropriate means to further his rehabilitation. United States Probation and parole has substantial resources at its disposal to assist him. A sentence within the guidelines is sufficient but not greater than necessary in light of all of the relevant circumstances.

## **CONCLUSION**

Considering the sentencing factors set forth in 18 U.S.C 3553(a) a guideline sentence followed by a term of supervised release will achieve the statutory purposes of sentencing. For all the reasons set forth above, Mr. DeDios humbly requests the court consider accepting the plea agreement and imposing a guideline sentence. Finally, Mr. DeDios is indigent and represented by court appointed counsel and he requests this Court not impose a fine.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
buck_glanz@fd.org

*Electronically filed May 14, 2025*
/s/ Buck Glanz
Assistant Federal Public Defender
Attorney for Defendant